## CIRCUIT COURT OF FREDERICK COUNTY

Hepner

v.

Hepner

June 15, 1983

Case No. (Chancery) 7052

### By JUDGE ROBERT K. WOLTZ

On *ore tenus* hearing divorce was granted to the complainant wife on the ground of one year's continuous uninterrupted separation. No matter of support is involved as an issue. The sole remaining issue is one of equitable distribution as to a single item of property.

The parties themselves were able to settle all matters concerning division of property, including a house, some motor vehicles and other personalty, outside this litigation. The husband operates in rented quarters a small restaurant and beer parlor, and this is the only property the division of which the parties cannot agree upon.

Shortly after the marriage of the litigants in 1973, they both began working in this establishment when owned and operated by the defendant husband's father. The husband eventually gave up his job to work full time at the restaurant and after a time the wife left that employment completely to take a well-paying job. The wife claimed that at a certain time the father made the two of them "silent" partners to one-half of the business. The wife's evidence on this point was very generalized and the testimony of the husband and his father, as well as documentary evidence, is to the contrary. The Court ruled at the time of hearing that no such one-half partnership interest in the parties had been established.

In 1980 the father, who was extremely anxious to dispose of the business, sold it to the husband for

$8,000.00, the husband and wife having discussed extensively between themselves the advisability of taking on this venture. Purchase was made with borrowed funds from a bank, both parties signing the note and the father signing as guarantor. The wife claims she was to be an equal owner with the husband and that she signed the note under the exigencies of entering the hospital for an operation, with assurance by the husband that she would be co-owner. He became sole owner and this fact developed into a bone of contention, which apparently was a contributing factor in the breakup of the marriage.

Even prior to the purchase of the restaurant, the wife's much greater income from her employment than that of the husband in the restaurant was the principal support of the two, they having no children. After purchase of the restaurant, this situation continued, the wife's earnings far exceeding the income derived by the husband from the business.

While the relatively modest payments of $250.00 per month on the purchase money note for the restaurant were paid principally if not wholly from the income of that business, it is abundantly clear that the wife's employment income was absolutely essential for the support of the parties because of the very small income generated by the restaurant. As a practical matter the couple could not have made ends meet nor could this restaurant venture have been continued without her as the prime support of the family.

The evidence shows that since the purchase in mid-1980 the husband has devoted very long work weeks and his full efforts to operation of the restaurant. Though these efforts have resulted in reducing the debt incurred to buy the business, it has been only a marginally successful venture. It appears that due to recession and other factors the business, in common with many small operations of the same type, is depressed, at least cyclically. Balanced against his contribution of time and effort in acquiring the business is clear evidence of the wife's major support of the family, thus enabling the husband to pursue this venture with the hope of eventually owning it debt free.

The property qualifies as "marital property" under Section 20-107.3(A)(2)(ii). There remains to be determined whether the wife has such an interest under the circumstances and in contemplation of the statute as

would justify a monetary award to her respecting this property of the husband and, if so, the amount of that award considering the value of that property.

The evidence shows that due to her substantially greater earnings during most of that period she made the major monetary contribution to the well being of the family and appears as homemaker to have made the major non-monetary contribution to it. As the parties have settled between themselves division of all marital property except the restaurant, their respective monetary and non-monetary contributions in the acquisition, care and maintenance of the marital property essentially relates only to that one item, but such contributions to acquisition of the other property are not wholly devoid of consideration, though admittedly of a very secondary nature, in considering the wife's interest in the restaurant property.

The wife was nineteen and the husband twenty-three at the time of their marriage in 1973, they now being respectively twenty-six and thirty years of age. Their separation occurred eight and one-half years after marriage.

Both parties are in good mental and physical condition. Though the wife left the husband there is no evidence on his part to show that her leaving was unjustified or that any other ground for divorce in his favor existed excepting one year's continuous separation. Disputes about her failure to have any legal title to the restaurant business were certainly a contributing factor to the breakdown, and there was evidence of his spending long hours at work, of her belief the marriage in his eyes had become secondary to the business, of the strain of the latter on him, leading to some excessive drinking and venting frustrations on her, and it can be inferred that her considerably greater economic competence was a source of friction. Under all these circumstances it would be difficult to charge either as the principal contributor to the breakdown of the marriage.

Both of the parties are jointly liable on the note by which funds to purchase the business were acquired. This "add-on" note was in the face amount of $15,115.00, which appears to have included the balance of another note for $1,421.00. The proceeds from this note were $8,000.00, the amount of the purchase price for the restaurant. It was payable in sixty monthly installments of slightly

over $250.00. As of the date of hearing the balance due on the note was $7,054.00, and the note "pay-off" was $5,709.00. Except for this obligation, there appears to be no substantial indebtedness by either party.

This item of marital property is, of course, non-liquid and no particular tax consequences have been shown or argued by either party.

Taking into consideration the foregoing factors, it is my opinion that the wife is entitled to a monetary award respecting the restaurant business and that the award should be one-half the net value thereof.

The next problem is valuation of the business. Valuation of a growing business is an exercise fraught with the burden of many imponderables. The husband introduced evidence that the tangible property of the restaurant was worth $2,300.00, but this was on an item-by-item basis without consideration of value when sold as a whole or with the business. The fact that the most recent lease on the restaurant property was for only one year and that the husband is a holdover tenant on a month-to-month basis has a substantial restrictive effect on the value of the business, as does the generally depressed state of the economy.

For the tax years 1981 and 1982 the husband's income tax returns show a net profit from this operation of $4,691.00 and $3,143,00. Considering the long hours the husband devotes to the business without any charge for wages, the uncertainty of the lease and other factors, it is clear that valuing the business at a very high capitalization rate of 20% return in income would result in too high a figure.

Between two and a half and three years ago the business was purchased for $8,000.00. This was a father-son transaction and another circumstance is that the father was extremely anxious to dispose of and get out of this business. From inspection of the husband's tax returns for 1981 and 1982, a substantial drop in the volume of business appears, both costs of goods and gross receipts from sale falling off substantially. Considering the circumstances under which the business was purchased, its value at that time was probably worth modestly more than $8.000.00. This is partly offset by a decrease in value at the present because of the low net profit derived from it. My valuation of the business is $8,700.00. Deducted from that is the remaining approximately $5,700.00

due for its purchase, leaving a net value of $3,000.00. A monetary award of one-half, or $1,500.00, is made to the wife.

The final issue under § 20-107.3 is determination of the method of payment of the monetary award. Though the award is in a modest amount, payment of it in a lump sum would be difficult for the husband in view of the poor profitability of the enterprise. Consequently, as an alternative the monetary award will be payment in three installments of $500.00 each payable in five, ten and fifteen months from May 26, 1983, the date of the hearing.